ANDREW S. DALLMANN, P.C.
Andrew S. Dallmann (SBN 206771)
1201 Puerta del Sol, #325
San Clemente, California 92673
Telephone: (949) 218-4099
Facsimile: (949) 218-4099
E-mail: *Andrew@DallmannLaw.com*

EASTMAN & MCCARTNEY LLP
Mathew C. McCartney (SBN 226687)
N. Thomas McCartney* (SBN 066758)
*of counsel
1430 Truxtun Avenue, Suite 700
Bakersfield, California 93301
Telephone: (661) 334-1800
Facsimile: (661) 334-8016
Email: *matt@eastmanmccartney.com*

Attorneys for Plaintiff
P&P IMPORTS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| P&P IMPORTS LLC, a California limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COVVES LLC, a California limited liability company,<br><br>　　　　　Defendant. | Case No.: _____<br><br>**P&P IMPORTS LLC'S COMPLAINT FOR:**<br>1) DECLARATORY JUDGMENT REGARDING PATENT NON-INFRINGEMENT<br>2) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS<br>3) UNFAIR COMPETITION<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff P&P Imports, a California limited liability company, ("P&P" or "Plaintiff"), for its Complaint against Covves LLC, a California limited liability company, ("Covves" or "Defendant"), alleges as follows:

1.　　This is an action brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, for a declaratory judgment of non-infringement of United States

Patent No. D787,617 ("'617 patent") (attached hereto as Exhibit A) under the Patent Laws of the United States, 35 U.S.C. §§ 101, *et seq.*, as well as claims for intentional interference with prospective economic relations and for unfair competition.

## PARTIES

2.      P&P is a limited liability corporation organized and existing under the laws of California with a principal place of business at 3233 West Castor Street, Santa Ana, California 92704.

3.      Upon information and belief, at all times relevant hereto, the '617 patent was owned by Covves, which is a limited liability company organized and existing under the laws of California, with a place of business at 23145 Kashiwa Court, Torrance, California 90505.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because the defendant resides in this district.

## EXISTENCE OF ACTUAL CONTROVERSY

6.      P&P designs and manufactures a variety of consumer goods including novelty pool products.  One such product is a unicorn flotation device ("P&P Unicorn") depicted below:

7.     P&P has an existing relationship with Amazon.com, Inc., ("Amazon") and regularly sells products on Amazon's website, www.amazon.com, including the P&P Unicorn.

8.     On or about August 30, 2017, P&P was informed by Amazon that the P&P Unicorn listing for sale was removed from the website www.amazon.com because Covves had filed a notice of dispute with Amazon, falsely representing that the P&P Unicorn infringed the '617 patent.

9.     Since at least August 30, 2017, Amazon has refused and continues to refuse to list the P&P Unicorn for sale on its website as a result of the Covves notice, thereby causing a decline in P&P sales revenue.

10.    By virtue of Covves' actions and statements, P&P has a reasonable fear and apprehension that patent infringement litigation will be brought against it.  Therefore, there currently exists an actual and justiciable controversy between P&P and Covves relating to the '617 patent.

11.    Covves' allegations of P&P's infringement of the '617 patent place a cloud over P&P's products and relationships with potential distributors and customers.  In fact, and as outlined below, P&P's product does not infringe.

12.    Under the circumstances, there exists a clear, substantial and continuing threat to P&P's business as long as the current controversy remains unresolved. Accordingly, P&P needs and seeks resolution of the issues raised in this complaint for declaratory relief to lift the cloud over its business.  On at least such basis, P&P is entitled to declaratory relief.

13.    P&P denies that it now infringes or in the past has infringed, the '617 patent.

///

///

///

**FIRST CLAIM**

**(Declaratory Judgment of Non-Infringement of the '617 patent)**

14.     P&P incorporates the allegations in paragraphs 1 through 13 as if fully set forth herein.

15.     P&P has not infringed and is not infringing the '617 patent.

16.     To infringe the '617 patent, the P&P Unicorn must be "substantially the same" to the "ordinary observer."  In this case, when applying the required "side-by-side" analysis, as shown below, the P&P Unicorn is "plainly dissimilar" from the design claimed in the '617 patent:



17.     Covves' wrongful allegations of infringement of the '617 patent and P&P's denial of those allegations create the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202.

18.     P&P seeks a judgment that it has not infringed and is not infringing and that its products have not and do not infringe the '617 patent.

**SECOND CLAIM**

**(Intentional Interference with Prospective Economic Relations)**

19.     P&P incorporates the allegations in paragraphs 1 through 18 as if fully set forth herein.

20.     P&P and Amazon were in an economic relationship relating to the P&P Unicorn that had provided, and likely would have continued to provide, an economic benefit to P&P.

21.     Covves knew of the economic relationship between P&P and Amazon.

22.     Covves intended to disrupt the economic relationship between P&P and Amazon.

23.     Covves engaged in wrongful conduct through filing a notice of dispute with Amazon, which falsely contended that the P&P Unicorn infringed the '617 patent when in fact no such infringement had occurred and no real dispute of infringement between P&P and Covves existed at the time of the notice.

24.     The economic relationship between P&P and Amazon has been disrupted in that Amazon now refuses to list the P&P Unicorn for sale as a direct result of the notice of dispute filed by Covves.

25.     As a direct and proximate cause of the foregoing, P&P has been damaged in an amount which is currently unknown.

26.     The actions of Covves alleged herein were malicious, fraudulent and oppressive within the meaning of California Civil Code Section 3294 and justify the imposition of punitive damages in an amount to be determined by the trier of fact.

### THIRD CLAIM

### (Unfair Competition – Cal. Bus. & Prof. Code § 17200, *et seq.*)

27.     P&P incorporates the allegations in paragraphs 1 through 26 as if fully set forth herein.

28.     By threatening P&P with baseless allegations of patent infringement while Covves knew or reasonably should have known that its '617 patent did not encompass the subject matter of the P&P Unicorn, Covves has harmed P&P's business and reputation with Amazon and its customers.

29.     P&P is informed and believes and on that basis alleges that Covves, and/or its authorized agents, has marketed, and continues to market on the website www.amazon.com an inflatable unicorn product in competition with the P&P Unicorn.

30.     Covves' conduct constitutes unfair competition pursuant to California Business and Professions Code § 17200, *et seq*, and unless enjoined, Covves will

1   continue to falsely assert to third parties that the P&P Unicorn infringes the '617 patent.

2   <u>**DEMAND FOR JURY TRIAL**</u>

3   P&P hereby demands a trial by jury on all issues so triable.

4   <u>**RELIEF REQUESTED**</u>

5   WHEREFORE, P&P respectfully requests the following relief:

6   1.   A judgment in favor of P&P on all relief requested in its Complaint;

7   2.   A judgment declaring that P&P has not infringed and does not infringe the

8   '617 patent;

9   3.   A judgment declaring this to be an exceptional case under 35 U.S.C. § 285

10   and awarding P&P its costs, expenses, and reasonable attorneys' fees;

11   4.   For damages according to proof;

12   5.   For an award of punitive damages;

13   6.   For an injunction prohibiting Covves from contending to third parties that

14   the P&P Unicorn infringes the '617 patent or from otherwise contending that the P&P

15   Unicorn violates any intellectual property rights of Covves;

16   7.   For costs of suit incurred; and

17   8.   That the Court award P&P such other and further relief as the Court deems

18   just and proper.

19

20   September 15, 2017                        ANDREW S. DALLMANN, P.C.

21                                             By: */s/ Andrew S. Dallmann*

22                                                  Andrew S. Dallmann

23                                             EASTMAN & MCCARTNEY LLP

24                                             By: */s/ Matthew C. McCartney*

25                                                  Matthew C. McCartney

26                                             Attorneys for Plaintiff
                                               P&P IMPORTS LLC

27

28

Exhibit A



US00D787617S

(12) **United States Design Patent** (10) Patent No.: **US D787,617 S**

Krepack (45) Date of Patent: ** **May 23, 2017**

(54) **INFLATABLE TOY**

(71) Applicant: **Adam Krepack**, Beverly Hills, CA (US)

(72) Inventor: **Adam Krepack**, Beverly Hills, CA (US)

(73) Assignee: **Covves LLC**, Torrance, CA (US)

(**) Term: **15 Years**

(21) Appl. No.: **29/537,216**

(22) Filed: **Aug. 24, 2015**

(51) LOC (10) Cl. ............................................... **21-02**

(52) U.S. Cl.
USPC ............................................................ **D21/808**

(58) **Field of Classification Search**
USPC .............. D21/801, 804–806, 808, 415, 428, D21/438–439, 473, 576, 597, 626, 416, D21/429, 584, 620, 814, 832; D1/106–107, 126–128
CPC ..... B63C 9/11; B63C 2009/0023; B63C 9/08; B63C 2009/042; B63C 2009/046; A63B 31/10–31/12; A63B 31/00; A63B 31/08; B63B 35/76; B63B 114/345–114/346; B63B 441/35; B63B 441/66; B63B 441/40–441/41; B63B 441/129–441/132; B63B 472/128–472/129
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 1,718,637 | A | * | 6/1929 | De Pento ............... A63B 35/12 440/6 |
| 2,404,729 | A | * | 7/1946 | Hurt ....................... B63B 35/74 441/130 |
| 2,438,391 | A | * | 3/1948 | Gallagher ............... A63H 3/16 446/97 |
| D162,126 | S | * | 2/1951 | Burkes ....................... D21/620 |

| | | | | |
|---|---|---|---|---|
| D163,061 | S | * | 4/1951 | Meyer ....................... D21/620 |
| 3,015,406 | A | | 1/1962 | Nolte |
| D256,736 | S | * | 9/1980 | Bajork ....................... D2/741 |
| D265,224 | S | * | 6/1982 | Bollen ....................... D21/832 |
| D266,754 | S | | 11/1982 | Taylor |
| D291,716 | S | | 9/1987 | Wolfe |
| D293,011 | S | | 12/1987 | Wolfe |
| 4,718,661 | A | * | 1/1988 | Wolfe ................. B63B 35/73 273/447 |
| D301,910 | S | * | 6/1989 | Wolfe ....................... D21/808 |
| D302,718 | S | * | 8/1989 | Wolfe ....................... D21/620 |
| D302,995 | S | | 8/1989 | Wolfe |

(Continued)

OTHER PUBLICATIONS

"Floaty giant 8 ft. inflatable toy unicorn swimming pool float raft lounger highest quality," [online], posted Sep. 23, 2015, retrieved Nov. 17, 2016, retrieved from <https://www.amazon.com/ FLOATY-Inflatable-Unicorn-Swimming-Lounger/dp/ B012W6OCDA/ref=cm_cr_arp_d_product_top?ie=UTF8 >.*

*Primary Examiner* — Karen Kearney
*Assistant Examiner* — Debra Callahan
(74) *Attorney, Agent, or Firm* — Dunlap Bennett & Ludwig PLLC

(57) **CLAIM**

The ornamental design for an inflatable toy, as shown and described.

**DESCRIPTION**

FIG. **1** is a top front perspective view of an inflatable toy;
FIG. **2** is a top plan view thereof;
FIG. **3** is a bottom plan view thereof;
FIG. **4** is a front elevation view thereof;
FIG. **5** is a rear elevation view thereof; and,
FIG. **6** is a right side elevation view thereof, the left side elevation view being a mirror image thereof.
The broken lines shown in the drawings illustrate portions of the inflatable toy that form no part of the claimed design.

**1 Claim, 3 Drawing Sheets**



**US D787,617 S**

Page 2

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D302,996 | S | * | 8/1989 | Wolfe .................... D21/808 |
| D306,633 | S | | 3/1990 | Wolfe |
| D340,210 | S | * | 10/1993 | Veness .................... D12/130 |
| D341,168 | S | * | 11/1993 | Martin .................... D21/429 |
| 6,029,845 | A | | 2/2000 | Mueller |
| D472,944 | S | | 4/2003 | Jacobs |
| 6,607,090 | B1 | | 8/2003 | Doerr |
| 6,616,493 | B2 | | 9/2003 | Powell et al. |
| D491,614 | S | * | 6/2004 | Arginsky .................... D21/413 |
| D500,097 | S | * | 12/2004 | Passmore .................... D21/429 |
| 7,662,015 | B2 | | 2/2010 | Hui |
| D639,117 | S | | 6/2011 | Jonsson |
| D669,544 | S | | 10/2012 | Hornsby et al. |
| D680,787 | S | * | 4/2013 | Diaz .................... D21/620 |
| D700,253 | S | * | 2/2014 | Lo .................... D21/620 |
| D700,663 | S | * | 3/2014 | Lo .................... D21/620 |
| D705,375 | S | * | 5/2014 | Rubey .................... D21/803 |
| 2003/0077958 | A1 | | 4/2003 | Powell et al. |
| 2009/0053969 | A1 | * | 2/2009 | Hui .................... A63H 33/22 |
| | | | | 446/130 |
| 2012/0228175 | A1 | | 9/2012 | Ressel et al. |

* cited by examiner

**U.S. Patent**      May 23, 2017      Sheet 1 of 3      US D787,617 S



FIG.1



FIG.2



FIG.3



FIG.4                    FIG.5



FIG.6